# 19-3563

RECEIVED
2019 NOV -7 AM 8: 55
CLERK'S OFFICE
U.S. COURT OF APPEALS
COURT R 1

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

THE CHURCH OF JESUS CHRIST OF LATTER- DAY SAINTS, SERVANT: XIU JIAN SUN, THE SPIRITUAL ADAM
Plaintiff - Appellant,

v.

Pharisees: ROBERT N. CHATIGNY,
Defendant - Appellee.

## On Appeal from the United States District Court District of Connecticut

## Brief of Appellant Xiu Jian Sun, the spiritual Adam

The Church of Jesus Christ of Latter-day saints
Servant: Xiu Jian Sun, the spiritual Adam Pro Se
54-25 153rd St.,
Flushing, NY 11355
646-675-0308

# TABLE OF CONTENTS

**Page(s)**

Table of Contents .......................................................... 1

Statutes & Rules ............................................................ 2

Statement of Subject Matter and Appellate
    Jurisdiction ............................................................ 3

Statement of the Issues Presented for Review ................... 4

Statement of the Case ..................................................... 5

Conclusion ..................................................................... 6

Certificate of Compliance ............................................... 7

Certificate of Service ..................................................... 8

**Statutes & Rules**

The Doctrine and Covenants Section 42

83. And thus ye shall do in all cases which shall come before you.

84. And if a man or woman shall rob, he or she shall be delivered up unto the law of the land.

85. And if he or she shall steal, he or she shall be delivered up unto the law of the land.

86. And if he or she shall lie, he or she shall be delivered up unto the law of the land.

87. And if he or she do any manner of iniquity, he or she shall be delivered up unto the law, even that of God.

88 . And if thy brother or sister offend thee, thou shalt take him or her between him or her and thee alone; and if he or she confess thou shalt be reconciled.

89. And if he or she confess not thou shalt deliver him or her up unto the church, not to the members, but to the elders. And it shall be done in a meeting, and that not before the world.

90. And if thy brother or sister offend many, he or she shall be chastened before many.

91. And if any one offend openly, he or she shall be rebuked openly, that he or she may be ashamed. And if he or she confess not, he or she shall be delivered up unto the law of God.

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

1. Jehovah, -the Lord God of host, sent the messenger through angel said to spiritual Adam: "**the Pharisees even swallowed up camels[1].**" 11/25/2017. (法利赛人连骆驼都吞下去), (Docket #: 16-3557)

2. Jehovah, - the Lord god of host gives the words to servant (Plaintiff) in the temple he made, "**Trial with god's law. Apply for jury to prevent insult and unfair behavior.**"

3. I (servant) would like to request a Mandarin Chinese court interpreter for my appeal court day.

---

[1]  In the Complaint

3

# Statement of the Issues Presented for Review

1.  November 26th-27th，2012. the Lord god of host Jehovah sent the messenger said to servant (Plaintiff) through the angel: "**Did not keep promise**". (没有信守承诺)

2.  The Lord god of hosts sent messenger through the angel said to servant: '**Pharisees don't even open the door**'. (Words given on the date of October 5th, 2015, on the way home from the court. (法利赛人连门都不开).

3.  Jehovah, the Lord god of host, sent the son of god, (the revived Messiah) from God's temple gave words to servant, said:'**Pharisees not even move a finger of his**." （法利赛的人一个手指头都不动）.

4.  In the nights from February 29th to March 1st, 2016, the Lord god of host, - Jehovah sent the messenger said to servant, "**seeking for profit, gang organization**." (谋利, 秘密帮派组织)

# Statement of the Case

1. The Lord god **Jehovah** sent the messenger, said to spiritual Adam through the angel, '**unjust judge**.' (不公正的法官).

2. Jehovah, the Lord god of host, sent the son of god, (the revived Messiah) from God's temple gave words to servant, said: '**The Pharisees have appropriated widow's possessions**.' (法利赛人侵吞寡妇的财产).

3. Jehovah, the Lord god of host, sent the son of god, (the revived Messiah) from God's temple gave words to servant, said: '**Pharisees even swallowed dead people's bones**.' (法利赛人连死人的骨头都吐下去).

# CONCLUSION

The Doctrine and Covenants Section 42

92.  If any shall offend in secret, he or she shall be rebuked in secret, that he or she may have opportunity to confess in secret to him or her whom he or she has offended, and to God, that the church may not speak reproachfully of him or her.

93.  And thus shall ye conduct in all things.

Dated: November 5, 2019
        Queens, New York

The Church of Jesus Christ of Latter-day saints

Servant: *Xiu Jian Sun, the spiritual Adam*
Xiu Jian Sun, the spiritual Adam
54-25 153rd St.,
Flushing, NY 11355
(646) 675-0308
Plaintiff-Appellant

# CERTIFICATE OF COMPLIIANCE

In accordance with Rules 32(a)(7)(B) and (C) of the Federal Rules of Appellate Procedure, the undersigned Servant, Xiu Jian Sun, The Spiritual Adam for appellant certifies that the accompanying brief is printed in 14 point typeface, with serifs, and, including footnotes, contains no more than 14,000 words. According to the word-processing system used to prepare the brief, Microsoft 2016 Word, it contains **733 words**.

Name of typeface. **Century Schoolbook**

Line spacing : **Double**

Dated: Queens, New York
November 5, 2019

Servant: Xiu Jian Sun, the spiritual Adam
Xiu Jian Sun, the spiritual Adam
54-25 153rd St.,
Flushing NY 11355
646-675-0308
Plaintiffs

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

THE CHURCH OF JESUS CHRIST OF
LATTER- DAY SAINTS, SERVANT:
XIU JIAN SUN, THE SPIRITUAL ADAM
                        Plaintiffs
            v.

**CERTIFICATE OF SERVICE***

Docket Number: ___19-3563___

Pharisees:
ROBERT N. CHATIGNY,
                        Defendant

I, ___Simon Chen___, hereby certify under penalty of perjury that
        (print name)
on ___Nov. 5. 2019___, I served a copy of ___1. Appendix of Appellant;___
        (date)
2. Brief of Appellant; 3. Scheduling Notification; 4. Acknowledgment & Notice Appearance;
___5. Form D-P.___

by (select all applicable)**

___ Personal Delivery      ✓ United States Mail      ___ Federal Express or other
                                                         Overnight Courier

___ Commercial Carrier      ___ E-Mail (on consent)

on the following parties:

Sandra Slack Glover, Assistant United States Attorney,
United States Attorney's Office for the District of Connecticut
157 Church Street, New Haven, CT 06510

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
|      |         |      |       |          |

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
|      |         |      |       |          |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

___NOV 5 2019___                    ___[signature]___

Today's Date                              Signature

# 19-3563

---

**UNITED STATES COURT OF APPEALS FOR
THE SECOND CIRCUIT**

---

THE CHURCH OF JESUS CHRIST OF LATTER- DAY
SAINTS, SERVANT: XIU JIAN SUN, THE SPIRITUAL ADAM
Plaintiff - Appellant,

v.

Pharisees: ROBERT N. CHATIGNY,
Defendant - Appellee.

---

**On Appeal from the United States District Court
District of Connecticut**

---

**Appendix of Appellant Xiu Jian Sun, the spiritual Adam**

The Church of Jesus Christ of Latter-day saints
Servant: Xiu Jian Sun, the spiritual Adam Pro Se
54-25 153rd St.,
Flushing, NY 11355
646-675-0308

RECEIVED
2019 NOV -7 AM 8: 55
CLERK'S OFFICE
U.S. COURT OF APPEALS
COUNTER 1

# TABLE OF CONTENTS

1.   U.S. District Court District of Connecticut
       Docket Sheet # 3:17-cv-02066-VAB ........................... 2

2.   Complaint ................................................................ 4

3.   Order on Pretrial Deadlines ......................................... 7

4.   Electronic Filing Order ................................................ 8

5.   Standing Protective Order ........................................... 9

6.   Notice to Counsel and pro se Parties ........................... 15

7.   Order re: Disclosure Statement .................................... 17

8.   Tips for Successful CM/ECF Efiling .............................. 18

9.   Response re 7 Notice,,, filed by Xiu Jian Sun.
       (Fazekas, J.) (Entered: 07/03/2018) ........................ 22

10.  Certificate of Service ................................................. 25

11.  Notice of Appeal ....................................................... 26

12.   Order of Dismissal ................................................... 27

13.  Certificate of Service ................................................. 28

## U.S. District Court
### District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:17-cv-02066-VAB

Church of Jesus Christ of Latter-Day Saints et al v. Chatigny
Assigned to: Judge Victor A. Bolden
Cause: No cause code entered

Date Filed: 12/11/2017
Date Terminated: 10/10/2019
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Church of Jesus Christ of Latter-Day Saints**

**Plaintiff**

**Xiu Jian Sun**
*The Spiritual Adam*

represented by **Xiu Jian Sun**
54-25 153rd St
2FL
Flushing, NY 11355
646-675-0308
PRO SE

V.

**Defendant**

**Robert N. Chatigny**
*Pharisees*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/11/2017 | 1 | COMPLAINT against Robert N. Chatigny, filed by The Church of Jesus Christ of latter Day Saints, Xiu Jian Sun. (Attachments: # 1 Envelope)(Hernandez, T.) (Entered: 12/13/2017) |
| 12/11/2017 | | Filing fee received from Xiu Jian Sun: $ 400.00, receipt number CTXH00013495 (Hernandez, T.) (Entered: 12/13/2017) |
| 12/11/2017 | 2 | Order on Pretrial Deadlines: Motions to Dismiss due on 3/11/2018. Amended Pleadings due by 2/9/2018. Discovery due by 6/12/2018. Dispositive Motions due by 7/12/2018. Signed by Clerk on 12/11/2017.(Hernandez, T.) (Entered: 12/13/2017) |
| 12/11/2017 | 3 | ENTERED IN ERROR. ELECTRONIC FILING ORDER - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER Signed by Judge Victor A. Bolden on 12/11/2017.(Hernandez, T.) Modified on 12/19/2017 (Hernandez, T.). (Entered: 12/13/2017) |

| 12/11/2017 | 4 | STANDING PROTECTIVE ORDER<br>Signed by Judge Victor A. Bolden on 12/11/2017.(Hernandez, T.) (Entered: 12/13/2017) |
|---|---|---|
| 12/13/2017 | 5 | NOTICE TO COUNSEL/SELF-REPRESENTED PARTIES : Counsel or self-representing parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 4 Standing Protective Order, 2 Order on Pretrial Deadlines, 3 Electronic Filing Order, 1 Complaint filed by Xiu Jian Sun, The Church of Jesus Christ of latter Day Saints<br>Signed by Clerk on 12/13/2017.(Hernandez, T.) (Entered: 12/13/2017) |
| 12/19/2017 | 6 | Docket Entry Correction re 3 Electronic Filing Order (Hernandez, T.) (Entered: 12/19/2017) |
| 06/15/2018 | 7 | 41(a) NOTICE: Rule 41(a) of the Local Rules of this District provides: "In civil actions in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record and pro se parties, if any. If such notice has been given and no action has been taken in the action in the meantime and no satisfactory explanation is submitted to the Court within twenty (20) days thereafter, the Clerk shall enter an order of dismissal. Any such order entered by the Clerk under this Rule may be suspended, altered, or rescinded by the Court for cause shown. This case is subject to being dismissed under this rule. Unless satisfactory explanation of why it should not be dismissed is submitted to the Court by 7/5/2018, it shall be dismissed.<br>Signed by Clerk on 6/15/2018.(Perez, J.) (Entered: 06/15/2018) |
| 06/15/2018 |  | Set Deadlines/Hearings: Dismissal due by 7/5/2018 (Perez, J.) (Entered: 06/15/2018) |
| 06/28/2018 | 8 | RESPONSE re 7 Notice,,, filed by Xiu Jian Sun. (Fazekas, J.) (Entered: 07/03/2018) |
| 10/10/2019 | 9 | ORDER dismissing the case under D. Conn. L. Civ. R. 41(a), consistent with the Court's order from June 15, 2018, ECF No. 7. That notice required Plaintiff to respond with a "satisfactory explanation" for the case's inaction. Having reviewed the response submitted, the Court has determined that it is not satisfactory. Furthermore, since that response, the Court allowed more time to elapse, but Plaintiff has still failed to move this case forward. Accordingly, the Clerk of Court is respectfully requested to terminate the case.<br>Signed by Judge Victor A. Bolden on 10/10/2019. (Conde, Djenab) (Entered: 10/10/2019) |
| 10/28/2019 | 10 | NOTICE OF APPEAL as to 9 Order,, by Xiu Jian Sun. Filing fee $505.00, receipt number CTXB00010671. (Fazekas, J.) (Entered: 10/29/2019) |

FILED

# UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

US DISTRICT COURT
HARTFORD CT

———————————————————X

THE CHURCH OF JESUS CHRIST
OF LATTER-DAY SAINTS, SERVANT:
XIU JIAN SUN, THE SPIRITUAL ADAM
54-25 153rd St., 2FL, Flushing, NY 11355,
646-675-0308.

Civil Action No

3:17CV2066
VAB

Plaintiffs

v.

**Pharisees:**
ROBERT N. CHATIGNY,
450 Main Street,
Hartford, Connecticut 06103
860-240-3200

Apply for jury
to prevent insult
and unfair behavior

Defendant

———————————————————X

## COMPLAINT

TO UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

The complaint of the plaintiffs, -god's servant，Xiu Jian Sun, the spiritual Adam   respectfully shows and alleges as follows.

1. Jehovah, -the Lord God of host, sent the messenger through angel said to spiritual Adam: "**the Pharisees even swallowed up camels.**" 11/25/2017. (法利赛人连骆驼都吞下去), (Docket #: 16-3557-cv)

4

2.  Jehovah, -the Lord god of host gives the words to servant (Plaintiff) in the temple he made, **"Trial with god's law. Apply for jury to prevent insult and unfair behavior."**

3.  I (servant) would like to request a Mandarin Chinese court interpreter for my appeal court day.

Dated: Queens, New York
        December 5, 2017

The Church of Jesus Christ of Latter-day saints

Servant: Xiu Jian Sun, the spiritual Adam
        Xiu Jian Sun, the spiritual Adam
        54-25 153rd St., 2FL
        Flushing, NY 11355
        646-675-0308
        Plaintiffs





U.S. POSTAGE
PAID
FLUSHING, NY
11358
DEC 08, 17
AMOUNT
$1.19
R2304H107830-04

1000        06103

UNITED STATES
POSTAL SERVICE

To:

Clerk Office

U.S. District Court District of Connecticut

450 Main Street

Hartford, Connecticut 06103

The Church of Jesus Christ of Latter-day saints
Servant:
Xiu Jian Sun, the spiritual Adam
54-25 153rd St 2FL
Flushing, NY 11355

6

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

### <u>ORDER ON PRETRIAL DEADLINES</u>

Unless otherwise ordered by the Judge to whom this case is assigned, the parties shall adhere to the following deadlines:

(a) In accordance with Local Civil Rule 26(f), within thirty days of the appearance of a defendant, the parties shall confer for the purposes described in Fed. R.Civ. P. 26(f). Within fourteen days thereafter, the parties shall jointly file a report on Form 26(f), which appears in the Appendix to the Local Civil Rules.

(b) All motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings shall be filed within 60 days after filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District.

(c) All motions to dismiss based on the pleadings shall be filed within 90 days after the filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District. The filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery.

(d) Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(f) and a scheduling order has been entered into pursuant to Fed. R. Civ. P. 16(b).  Informal discovery by agreement of the parties is encouraged and may commence at any time. Unless otherwise ordered, discovery shall be completed within 6 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer of an action from another District.

(e) Unless otherwise ordered, all motions for summary judgment shall be filed within 7 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer from another District.

Unless specifically ordered by the Court, an extension of time to comply with any one of the time limits in this Order does not automatically extend the time to comply with subsequent time limits.

Counsel for plaintiff or removing defendant shall be responsible for serving a copy of this order on all parties to the action.

By Order of the Court
Robin D. Tabora, Clerk

This Order is issued pursuant to the Standing Order on Scheduling In Civil Cases, which appears in the Appendix to the Local Civil Rules

(Rev. 6/2/17)

7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

<u>ELECTRONIC FILING ORDER</u>

The Court orders that the parties shall file all documents in this case

electronically.   The following requirements are imposed:

1.    Counsel must comply with all applicable Federal Rules of Civil Procedure,

the District's Local Rules and the requirements set forth in the District's

CM/ECF Policies and Procedures Manual, and any other rules and

administrative procedures that implement the District's CM/ECF system.

2.    Documents filed electronically must be filed in OCR text searchable PDF

format.

3.    Unless otherwise ordered, on the business day next following the day on

which a document is filed electronically, counsel must provide Chambers

with one paper

copy of the following e-filed documents:

<u>Civil Cases</u>:  All pleadings (including briefs and exhibits) supporting or

opposing the following:

a.    Applications for temporary restraining orders, preliminary
        injunctions or prejudgment remedies;
b.    Dispositive motions (motions to dismiss or for summary judgment);
c.    Requested jury instructions;
d.    Compliance with Pretrial Orders;
e.    Trial briefs, including proposed findings of fact and conclusions of
        law; and f. Any other filing requested by the court.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

Rev 1/25/15                                    8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**STANDING PROTECTIVE ORDER**

1.      It is hereby ordered by the Court that the following shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal and Local Rules of Civil Procedure governing disclosure and discovery.

2.      Information, documents and other materials may be designated by the producing party in the manner permitted ("the Designating Person").  All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order.  The designation shall be either (a) "CONFIDENTIAL" or (b) CONFIDENTIAL-ATTORNEYS' EYES ONLY."  This Order shall apply to Designated Material produced by any party or third-party in this action.

3.      "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy.

4.      "CONFIDENTIAL-ATTORNEY'S EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party.

5.      Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

   a. *Parties:* Material designated "CONFIDENTIAL" may be disclosed to parties to
      this action or directors, officers and employees of parties to this action, who have
      a legitimate need to see the information in connection with their responsibilities
      for overseeing the litigation or assisting counsel in preparing the action for trial or
      settlement.  Before Designated Material is disclosed for this purpose, each such
      person must agree to be bound by this Order by signing a document substantially
      in the form of Exhibit A.

9

b. *Witnesses or Prospective Witnesses:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to a witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

c. *Outside Experts:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order, by signing a document substantially in the form of Exhibit A.

d. *Counsel:* Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to counsel of record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff.

e. *Other Persons:* Designated Material may be provided as necessary to copying services, translators, and litigation support firms. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

6.     Prior to disclosing or displaying any Designated Material to any person, counsel shall:

a. Inform the person of the confidential nature of the Designated Material; and

b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7.     The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(b) and (c) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to

10

sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

8.      A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

9.      Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

10.     Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" thus  clearly identifying the category of Designated Material for which protection is sought under the terms of this Order.  Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

11.     The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

12.     A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn.  If the Designating Person does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief.  Upon any such application, the burden shall be on the Designating Person to show why the designation is proper.  Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter.  The Court may award sanctions if it finds that a party's position was taken without substantial justification.

13.     Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person.  Pending expiration of the ten business days, the deposition transcript shall be treated as designated.  When testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order.  Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order

11

and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

14.    Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public.  Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court. This Protective Order does not provide for the automatic sealing of such Designated Material.  If it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal.

15.    Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material.  The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

16.    Upon final termination of this action, all Designated Material and copies thereof shall be returned promptly (and in no event later than forty-five (45) days after entry of final judgment), returned to the producing party, or certified as destroyed to counsel of record for the party that produced the Designated Material, or, in the case of deposition testimony regarding designated exhibits, counsel of record for the Designating Person. Alternatively, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

17.    Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

18.    Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver.  If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each receiving party in writing of the inadvertent production.  When a party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days.  Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court.  The Designating Party

bears the burden of establishing the privileged nature of any inadvertently produced information or material.  Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court.  Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials.  If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

19.     The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

20.     The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

IT IS SO ORDERED,


/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled_____ _____have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.


_____DATED:_____

Signed in the presence of:

_____(Attorney)

14

141 Church Street        450 Main Street          915 Lafayette Blvd
New Haven, CT 06510      Hartford, CT 06103       Bridgeport, CT 06604
(203) 773-2140           (860) 240-3200           (203) 579-5861

## NOTICE TO COUNSEL AND PRO SE PARTIES

The attached case has been assigned to District Judge Victor A. Bolden who sits in Bridgeport.  Counsel and Pro Se Parties should file all future pleadings or documents in this matter with the Clerk's Office in Bridgeport.  Any attempt to file pleadings or other documents related to this action in any of the other seats of Court will result in those pleadings or documents being refused at the Court or being returned to you.  See D. Conn. L. Civ. R. 3(a).

Counsel and Pro Se Parties are required to become familiar with and abide by the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the District of Connecticut and Standing Orders regarding scheduling in civil cases and the filing of trial memoranda.

Counsel and Pro Se Parties are hereby notified that failure to file and serve a memorandum in opposition to a motion, within 21 days after the motion is filed, may be deemed sufficient cause to grant the motion.  Failure to file and serve a memorandum in opposition to a motion to dismiss within 21 days after the motion is filed may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.  See D. Conn. L. Civ. R. 7(a)1.

Counsel and Pro Se Parties are further notified that they are required to comply with requirements relating to Motions for Summary Judgment as set forth in Fed. R. Civ. P. 56 and D. Conn. L. Civ. R. 56.  A party may move for Summary Judgment when that party believes there is no genuine issue of material fact requiring trial and the party is entitled to judgment as a matter of law.  The motion may be directed toward all or part of a claim or defense and it may be made on the basis of the pleadings or other portions of the record in the case or it may be supported by affidavits and other materials outside the pleadings.

When a party seeking Summary Judgment (the "moving party") files a supporting affidavit, the party opposing Summary Judgment must file an affidavit, or other documentary evidence, contradicting the moving party's submissions to demonstrate that there are factual issues requiring a trial.  Facts asserted in the affidavit(s) of the moving party will be taken as true if not controverted by counter-affidavits or other documentary evidence.

Local Civil Rule 56(a) requires the party seeking Summary Judgment to file a document entitled "Local Rule 56(a)1 Statement," Which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried.  The material facts set forth in this statement shall be deemed admitted unless controverted by the "Local Rule 56(a)2

15

Statement" required to be served by the opposing party.  The paragraphs in the 56(a)2 statement shall correspond to the paragraphs in the 56(a)1 statement and shall state whether the facts asserted by the moving party are admitted or denied.  The Local Rule 56(a)2 statement must also include in a separate section a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

Counsel and Pro Se Parties are alerted to the requirements of Fed. R. Civ. P. 26(f) and Local Civil Rule 26, which require that the parties conduct a case management planning conference and prepare and file a report of the conference on Form 26(f) which appears in the Appendix to the Local Rules.

Counsel and Pro Se Parties are further advised that they may request a referral of their case to a United States Magistrate Judge for disposition.  See 28 U.S.C. 636 and Rule 77.2 of the Local Rules for United States Magistrate Judges.

Robin D. Tabora, Clerk

(Revised 10/23/15)

16



**UNITED STATES DISTRICT COURT**
DISTRICT OF CONNECTICUT

## ORDER RE: DISCLOSURE STATEMENT

Any nongovernmental corporate party to an action in this court
shall file a statement identifying all its parent corporations and
listing any publicly held company that owns 10% or more of the
party's stock.  A party shall file the statement with its initial
pleading filed in the court and shall supplement the statement
within a reasonable time of any change in the information.
Counsel shall append a certificate of service to the statement in
compliance with local rule 5(c).

Counsel for plaintiff or removing defendant shall be responsible
for serving a copy of this order upon all parties to the action.

By Order of the Court
Robin D. Tabora, Clerk

Revised 10/23/15

17

## TIPS FOR SUCCESSFUL CM/ECF EFILING

- You cannot efile on a case using your PACER login and password.  To efile on a case, you must have (1) a PACER login and password and (2) an ECF login and password (you need both). To obtain an ECF login/password a Connecticut bar number is needed and the registration form (available on our website) must be completed and emailed to the address on the form: attorney_registration_form@ctd.uscourts.gov.  After the completed form is received, an email will be sent to you with your ECF login/password.

- Do not efile on a case that has not been designated as an efiled case. If there is no EFILE flag, DO NOT EFILE ON THE CASE!

- Do not attempt to re-docket something that you think may have been done incorrectly. Call the Clerk's Office for assistance before attempting to make any corrections!

- When efiling a Memorandum in Support/Opposition/Reply/Affidavit/Exhibit relating to a Motion, you must link the memo/reply/affidavit/exhibit to the underlying motion.

- Make sure the PDF document does not exceed 10,000 KB, is readable, the correct one to be filed and is right-side up if scanned.

- Do not use the apostrophe or tilde in the text of the entry.

- When efiling documents in a multi-defendant criminal case, be sure to check ONLY the box for the defendant(s) that relate to the document you are efiling, and not the entire case.

- Include your electronic signature (*/s/ followed by your name*) on the signature line for both the document and the certification of service.

- IMPORTANT INFORMATION RE PRIVACY ACT: All filings with the court - including attachments - must comply with Fed. R. Civ. P. 5.2 or Fed. R. Crim. P. 49.1: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; and home addresses in criminal cases, may not appear, except as allowed by the applicable rule.

18

## Affidavits
Affidavits may be efiled with the signature page scanned or with a /s/ on the signature line. If the affidavit is related to a motion, it must be linked to the motion.

## Amended Complaints
If a new party is being added, please select the "Add/Create New Party" on the appropriate filers screen. New plaintiff(s) should be added on the filers screen with the heading "Select the Filer," new defendant(s) should be added on the filers screen with the heading, "Please select the party that this filing is **against**." Enter the name of the business or last name of the individual and click "search" to see if the name of the party is already in our system. If not, continue to create the new party following the Instructions for Searching and Adding Parties located on the District Court's website. See also www.ctd.uscourts.gov.  Make sure that you select the role of the party. Do not put any information in the other fields except for "Party Text" when necessary. The "Party Text" field is used as a descriptive text as explained in the Instructions.  Update the Jury Demand when prompted.

## Appearances
You may not efile an appearance on behalf of another attorney. The attorney filing the appearance must be the attorney that is logged into CMECF. You must click on the following box to create an association between you and the party(ies) that you are representing:

> The following attorney/party associations do not exist for this case.
> Please check which associations should be created for this case:
>
> [√] Party Name (pty:pla) represented by Your name (aty) [√] Lead [√] Notice

## Attachments
You must name your attachment by either selecting something from the "Type" drop down menu or by entering something in the "Description" field. Whatever you select or enter from both of these options will appear in the docket text.

## Discovery
The Court does not accept Discovery pursuant to Local Rule 5(f).

## Filers
If there is more than one party as a filer, hold the CTRL key while selecting the applicable parties.

## Motions
Do not use this event if you are not asking for some relief from the court. If there is more than one relief in your motion, select the applicable reliefs by clicking on them in the box to the left. The reliefs you have selected will appear in the box to the right.

If you are efiling a motion asking permission to file something or to amend something

already filed, you must attach the proposed document as an exhibit to your motion. <u>Do not efile the proposed document until your motion has been granted - then efile the document you asked for permission to file.</u>

<u>Do not combine motions with responses to other documents. Motions and responses should be filed as separate documents.</u>

### Notice (other)
If you find you are frequently using this event, call the Clerk's Office for assistance in locating the correct event for your submission.

### Notice of Manual Filing
The Notice of Manual Filing should be efiled using the event for the item you are filing in paper. Do not use the "Notice (Other)" event. For example, if you are filing exhibits manually, use the "Exhibit" event and attach the pdf of the Notice of Manual Filing. Mail the exhibits along with copies of the Notice of Electronic Filing and the Notice of Manual filing to the Clerk's Office.

### Returns of Service
Returns on executed summonses should be efiled using either the "Summons Executed" or "Summons Returned Executed as to USA". There is a separate event for "Waiver of Return of Service." See the <u>Attorney Instructions for eFiling Civil Returns of Service</u> on our website.

### Sealed Documents
Attorneys may EFILE sealed documents.  See the <u>Cheat Sheet</u> on the Court's website for helpful information.

Revised 10/23/15

Important documents NEW YORK NY 100

26 JUN 2018 PM 3 L

The Church of Jesus Christ of Latter-day saints
Servant: Xiu Jian Sun, the spiritual Adam
54-25 153rd St., 2FL, Flushing, NY 11355

X-PMT

To: Clerk Office
U.S. District Court District of Connecticut

450 Main Street
Hartford, Connecticut 06103

06103-307956

21

## Other Orders/Judgments

3:17-cv-02066-VAB Church of Jesus Christ of Latter-Day Saints et al v. Chatigny

EFILE,PROSE,WIG

### U.S. District Court

### District of Connecticut

## Notice of Electronic Filing

The following transaction was entered on 6/15/2018 at 3:04 PM EDT and filed on 6/15/2018

| | |
|---|---|
| **Case Name:** | Church of Jesus Christ of Latter-Day Saints et al v. Chatigny |
| **Case Number:** | 3:17-cv-02066-VAB |
| **Filer:** | |
| **Document Number:** | 7(No document attached) |

**Docket Text:**
**41(a) NOTICE: Rule 41(a) of the Local Rules of this District provides: "In civil actions in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record and pro se parties, if any. If such notice has been given and no action has been taken in the action in the meantime and no satisfactory explanation is submitted to the Court within twenty (20) days thereafter, the Clerk shall enter an order of dismissal. Any such order entered by the Clerk under this Rule may be suspended, altered, or rescinded by the Court for cause shown. This case is subject to being dismissed under this rule. Unless satisfactory explanation of why it should not be dismissed is submitted to the Court by 7/5/2018, it shall be dismissed.**
**Signed by Clerk on 6/15/2018.(Perez, J.)**


**3:17-cv-02066-VAB Notice has been electronically mailed to:**


**3:17-cv-02066-VAB Notice has been delivered by other means to:**

Xiu Jian Sun
54-25 153rd St
2FL
Flushing, NY 11355

# UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

———————————————————————— X

THE CHURCH OF JESUS CHRIST
OF LATTER-DAY SAINTS, SERVANT:          Civil Action No
XIU JIAN SUN, THE SPIRITUAL ADAM          2017-2066(VAB)
                            Plaintiffs

      v.

**Pharisees:**
ROBERT N. CHATIGNY,

                            Defendant

———————————————————————— X

**Document Number:** 7 (Document attached)

1.  Doctrine and Covenants 42

83). And thus ye shall do in all cases which shall come before you.

84). And if a man or woman shall rob, he or she shall be delivered up unto the law of the land.

85). And if he or she shall steal, he or she shall be delivered up unto the law of the land.

86). And if he or she shall lie, he or she shall be delivered up unto the law of the land.

87). And if he or she do any manner of iniquity, he or she shall be delivered up unto the law, even that of God.

88. And if thy brother or sister offend thee, thou shalt take him or her between him or her and thee alone; and if he or she confess thou shalt be reconciled.

89). And if he or she confess not thou shalt deliver him or her up unto the church, not to the members, but to the elders. And it shall be done in a meeting, and that not before the world.

**2.**

90). And if thy brother or sister offend many, he or she shall be chastened before many.

91). And if any one offend openly, he or she shall be rebuked openly, that he or she may be ashamed. And if he or she confess not, he or she shall be delivered up unto the law of God.

92). If any shall offend in secret, he or she shall be rebuked in secret, that he or she may have opportunity to confess in secret to him or her whom he or she has offended, and to God, that the church may not speak reproachfully of him or her.

93). And thus shall ye conduct in all things.

3.   Jehovah, -the Lord god of host gives the words to servant (Plaintiff) in the temple he made, "**Trial with god's law. Apply for jury to prevent insult and unfair behavior.**"

4.   I (servant) would like to request a Mandarin Chinese court interpreter for my appeal court day.

Dated: Queens, New York
        June 25, 2018

The Church of Jesus Christ of Latter-day saints

Servant: Xiu Jian Sun, the spiritual Adam
        Xiu Jian Sun, the spiritual Adam
        54-25 153rd St., 2FL
        Flushing, NY 11355
        646-675-0308
        Plaintiffs

24

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 25 day of June, 2018, I caused to be placed in the United States mail (first-class postage paid), 1 copies of a "**Document attached**" address as follows:


To: Robert N. Chatigny
U.S. District Court District of Connecticut
450 Main Street
Hartford, Connecticut 06103


Dated: Queens, New York
        June 25, 2018

25

# UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

———————————————————————————X

THE CHURCH OF JESUS CHRIST
OF LATTER-DAY SAINTS, SERVANT:
XIU JIAN SUN, THE SPIRITUAL ADAM
                Plaintiffs

       v.

**Pharisees:**
ROBERT N. CHATIGNY,

              Defendant

Civil Action No
2017-2066(VAB)

**Notice of Appeal**

———————————————————————————X

    Notice is hereby given that Xiu Jian Sun, the spiritual Adam (plaintiffs) in the above named case, * hereby appeal to the United States Court of Appeals for the 2ND CIR, (from the final judgment) (from the order (describing it)) entered in this action on the 10 day of October, 2019.

Dated: October 22, 2019

                The Church of Jesus Christ of Latter-day saints

                Servant: Xiu Jian Sun, the spiritual Adam

United States District Court
District of Connecticut
FILED AT   BRIDGEPORT

        10/28   2019
Robin D. Tabora, Clerk
By_____
    Deputy Clerk

                Xiu Jian Sun, the spiritual Adam
                54-25 153rd St
                Flushing, NY 11355
                646-675-0308
                Plaintiffs

10/10/2019                    CT CMECF NextGen

## Other Orders/Judgments

3:17-cv-02066-VAB Church of Jesus Christ of Latter-Day Saints et al v. Chatigny

EFILE,PROSE,WIG

### U.S. District Court

### District of Connecticut

## Notice of Electronic Filing

The following transaction was entered on 10/10/2019 at 11:15 AM EDT and filed on 10/10/2019
**Case Name:**        Church of Jesus Christ of Latter-Day Saints et al v. Chatigny
**Case Number:**    3:17-cv-02066-VAB
**Filer:**
**Document Number:** 9(No document attached)

**Docket Text:**
**ORDER dismissing the case under D. Conn. L. Civ. R. 41(a), consistent with the Court's order from June 15, 2018, ECF No. 7. That notice required Plaintiff to respond with a "satisfactory explanation" for the case's inaction. Having reviewed the response submitted, the Court has determined that it is not satisfactory. Furthermore, since that response, the Court allowed more time to elapse, but Plaintiff has still failed to move this case forward. Accordingly, the Clerk of Court is respectfully requested to terminate the case.
Signed by Judge Victor A. Bolden on 10/10/2019. (Conde, Djenab)**

**3:17-cv-02066-VAB Notice has been electronically mailed to:**

**3:17-cv-02066-VAB Notice has been delivered by other means to:**

Xiu Jian Sun
54-25 153rd St
2FL
Flushing, NY 11355

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 22nd day of October, 2019, I caused to be placed in the United States mail (first-class postage paid), copies of a "**Notice of Appeal**" address as follows:


To: Robert N. Chatigny
    U.S. District Court District of Connecticut
    450 Main Street
    Hartford, Connecticut 06103



Dated: October 22, 2019


28